Dear Mr. Wilkinson:
You have requested an opinion of the Attorney General regarding the consolidation of garbage and drainage districts and the effect that consolidation has on the disposition and use of ad valorem maintenance tax revenues derived from the millages in each former district.
You state that the Jefferson Parish Council (Council) enacted Ordinance 21058 which created the Consolidated Garbage District No. 1 (GD-1), pursuant to R.S. 33:7702. You further state that the Council also enacted Ordinance No. 21059 creating Consolidated Drainage District No. 2 (DD-2), pursuant to R.S. 38:1580.
The tax propositions that were placed on the ballots in each former garbage and drainage districts were virtually identical. By way of illustration, the propositions for Garbage District Nos. 1, 2 and 6 (now consolidated into GD-1) provide the following:
 GARBAGE DISTRICT NO. 1
 Shall Garbage District No. 1 of the Parish of Jefferson, State of Louisiana (the "District"), presently authorized to levy a tax not to exceed five (5) mills on all property subject to taxation in said District, be authorized to continue to levy and collect a tax not to exceed five (5) mills on all property subject to taxation in said District, for a period of ten (10) years, beginning with the year 1995 and ending with the year 2004, for the purpose of acquiring, constructing, improving, providing, maintaining, or operating the District's garbage collection and disposal facilities? (Emphasis added.)
 GARBAGE DISTRICT NO. 2
 Shall Consolidated Garbage District No. 2 of the Parish of Jefferson, State of Louisiana, continue to levy and collect a tax not to exceed five (5) mills on all property subject to taxation in said District, for a period of ten (10) years, beginning with the year 2000, for the purpose of acquiring constructing, improving, providing, maintaining and operating garbage collection and disposal facilities in said District? (Emphasis added.)
 GARBAGE DISTRICT NO. 6
 Shall Garbage District No. 6 of the Parish of Jefferson, State of Louisiana, levy and collect a tax not to exceed five (5) mills on all property subject to taxation in said District, for a period of ten (10) years, beginning with the year 1992, for the purpose of acquiring, constructing, improving, providing, maintaining or operating the garbage collection and disposal services in said District? (Emphasis added.)
The tax propositions that were placed on the ballots in each pre-consolidation drainage district called for a tax not to exceed six (6) mills " for the purpose of acquiring, constructing, improving,providing, maintaining or operating the drainage works within and forsaid District?" (Emphasis added.)
You ask our opinion as to the proper disposition of the maintenance tax revenues generated in the smaller districts upon their dissolution and consolidation.
With regard to the maintenance tax revenues generated in each former garbage district, we refer you to R.S. 33:7706 which provides, in pertinent part, the following:
 § 7706. Assumption of rights and responsibilities of districts consolidated
 At the expiration of the thirty-day period provided for in R.S. 33:7705, existing districts of the same type included in any such consolidated district shall no longer have the right to issue bonds or other obligations, and all books and records and assets thereof shall be transferred to the consolidated district. (Emphasis added.)
With regard to the maintenance tax revenues generated in each former drainage district, we refer you to R.S. 38:1580(G) which provides, in pertinent part, the following:
 G. At the expiration of the thirty-day period existing districts included in any such consolidated drainage district shall no longer have the right to issue bonds or other obligations, and all books, records and assets thereof shall be transferred to the consolidated drainage district. (Emphasis added.)
As can be gleaned from the above, the maintenance tax funds on hand at the time of the consolidation, constituting assets of the former districts, must be transferred to the governing authority of the new consolidated districts. Upon receipt of same, the funds may be consolidated within each newly created consolidated district. In accord is Attorney General Opinion No. 77-450. Turning now to the issue of the use of such funds by the consolidated districts, we find Article VI, Section 26(B) of the Louisiana Constitution of 1974 and R.S. 39:704 to be relevant:
 Art. VI, § 26. Parish Ad Valorem Tax
 Section 26. (A) . . .
 * * *
 (B) Millage Increase Not for General Purposes. When the millage increase is for other than general purposes, the proposition shall state that specific purpose or purposes for which the tax is to be levied and the length of time the tax is to remain in effect. All proceeds of the tax shall be used solely for the purpose or purposes set forth in the proposition. (Emphasis added.)
 * * *
 § 704. Proceeds of special tax
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used. (Emphasis added.)
As can be gleaned from the above, the law unequivocally provides that the proceeds of these special maintenance taxes must be used exclusively for the objects and purposes for which the taxes were levied. In the case of GD-1, the proceeds, once transferred and consolidated, must be used for acquiring, constructing, improving, providing and maintaining the District's garbage collection and disposal facilities. In the case of DD-2, the proceeds, once transferred and consolidated, must be used for acquiring, constructing, improving, providing, maintaining or operating the District's drainage works.
With regard to the allocation of the consolidated maintenance tax revenues, you have provided this office with documentation reflecting that the total revenues budgeted for each of the former districts far exceeds the voter-approved maintenance tax revenues. In other words, more than sixty percent of the former districts' operating expenses will be paid from non-voter approved revenue sources. Accordingly, all maintenance tax revenues generated in each former district will be utilized within that former district.
In summary, it is the opinion of this office that the proceeds of the maintenance taxes levied by the individual (i.e., former) garbage and drainage districts must be transferred to the governing authority of GD-1 and DD-2. Once transferred, they may be consolidated and must be used within the newly consolidated districts for the objects and purposes set forth in the respective tax propositions as approved by the electorate. In accord is Attorney General Opinion No. 77-450.
As you know, R.S. 47:1705(D) authorizes and requires the Legislative Auditor to review the millages levied by tax recipient bodies in each year that reassessment occurs to determine whether the millages levied are in compliance with provisions of Section 1705 and Article VII, Section 23 of the Louisiana Constitution of 1974. It is my understanding from our telephone conversation on Wednesday, October 11, 2000, that you intend to confer with the Legislative Auditor in this regard.
The opinions expressed herein are limited to the facts and laws as they relate to the specific individual and consolidated districts and maintenance taxes referred to in your opinion request.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj